**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Yiwu Shikai e-commerce Limited Liability Company,<br><br>Plaintiff,<br>v.<br><br>Meng Zhang, dba Ritche,<br><br>Defendant. | Case No. 26-cv-13726<br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiff, Yiwu Shikai e-commerce Limited Liability Company, whose transliterated Chinese name is yiwushikaidianzishangwuyouxiangongsi ("Plaintiff" or "Shikai") hereby brings the present action against Meng Zhang dba Ritche ("Defendant" or "Zhang") and states as follows.

## I. JURISDICTION AND VENUE

1. The Plaintiff brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgment of non-infringement and invalidity with respect to U.S. Patent No. 12,420,174 (the " '174 patent")(Exhibit 1), under 35 U.S.C. § 101 *et seq*.

2. Exhibit 1 is a true and correct copy of the '174 patent.

3. This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

4. Defendant is an individual.

5. On information and belief, Defendant is a foreign national.

6. On information and belief, Defendant is a citizen of China.

7. On information and belief, Defendant's residence is in Shenzhen, Guangdong, China.

8. On information and belief, Defendant's mailing address is Room 308, Debao Building No. 12, Youlian 1st Road, Shangyousong Village, Longhua District, Shenzhen, Guangdong, China.

9. Defendant has interfered with Plaintiff and Plaintiff's business interactions with its customers in the United States and in Illinois by filing complaints with Amazon accusing Plaintiff's products of infringing the '174 patent.

10. Defendant also utilizes the alias "Ritche."

11. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant regularly conducts business in this jurisdiction, specifically selling puzzle boards purportedly covered by the '174 patent, and has interfered with Plaintiff's business in this jurisdiction by complaining about Plaintiff's sales and offers to sell puzzle boards to residents of Illinois.

12. Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this forum.

13. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) as the Defendant is subject to this court's personal jurisdiction and is not a resident of the United States.

## II. THE FACTS

14. The Plaintiff offers to sell and sells puzzle boards through Amazon to customers throughout the United States, including in Illinois.

15. Defendant is the assignee of U.S. Patent No. 12,420,174 directed to a Rotating Device and Jigsaw Puzzle Board.

16. Defendant filed a complaint with Amazon regarding Plaintiff's products being sold on Amazon.

17. The details of the complaint are as follows:

> The patent owner's contact information is as follows:
> Meng Zhang dba Ritche
> ed@ricetechlaw.com
> Room 308, Debao Building, No. 12, Youlian 1st Road, Shangyousong Village Longhua District, Shenzhen, China
>
> ASIN: B0GRHYMW19
> B0H3KV23GZ
> B0H3KP7K3H
> Infringement type: Patent
> Patent Number: 12,420,174
> Case ID: 22558304921

18. Plaintiff's puzzle board is a large rectangular surface:



19. Plaintiff's puzzle board has a back side with four rotating wheels and a lever bar:



20. When the lever bar is extended, the rotating wheels continue to work:



21. When the lever bar supports the puzzle board, the rotating wheels continue to work:



22. None of the wheels of Plaintiff's product includes a dome covering or a second roller that is blocked by the first roller from leaking out of any opening.

23. The different ASINs for Plaintiff's products refer to different sizes of the product.

24. On information and belief, before Defendant filed complaints with Amazon, Defendant inspected Plaintiff's product and knew that the wheels continued to work even when the lever bar was extended.

25. On information and belief, before Defendant filed complaints with Amazon, Defendant inspected Plaintiff's product and knew that the wheels did not include a domed portion or a second roller blocked by a first roller from leaking out.

26. The '174 Patent includes three independent claims.

27. Claim 1 is independent and requires "second roller is blocked by the first roller in the receiving space for preventing the second roller from leaking out of the opening."

28. Claim 1 requires "the first roller is spaced apart from the engaging wall, and wherein the case comprises a main portion, a fixing portion extending from the main portion and a dome covering on the main portion and connected to the fixing portion"

29. Claim 6 is an independent claim and requires "when the kickstand is in the unfolded state, the body portion and the rotating device are inclined and supported on the playing surface, and the rotating device is in a non-working state"

30. Claim 15 is an independent claim that requires "when the kickstand supports the body portion, the body portion and the rotating devices are inclined and supported on the playing surface, and all the rotating devices are in a non-working state."

31. Regardless of the position of the lever bar of Plaintiff's product, the wheels of Plaintiff's product continue to remain in a working state.

**COUNT I**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**U.S. Patent No. 12,420,174**

32. Plaintiff incorporates all of the foregoing paragraphs herein.

33. To infringe a patent, an accused product must meet each and every limitation of a claim either literally or under the doctrine of equivalents.

34. If the accused product does not meet each and every limitation of a claim either literally or under the doctrine of equivalents, it cannot infringe the claim.

35. If a product does not infringe an independent claim, that product cannot infringe a claim that is dependent on the independent claim that is not infringed.

36. As discussed above, the accused product does not include wheels corresponding to the claimed structure, nor do the wheels change from a workable state to an unworkable state, regardless of the position of the lever bar.

37. None of the Products at issue include each and every limitation of any claim of the ‘174 patent literally or under the doctrine of equivalents.

38. Accordingly, none of the Products at issue could infringe the ‘174 patent.

39. An assertion that any of the Products at issue infringe any claim of the ‘174 patent is frivolous and egregious.

40. Defendant’s complaints to Amazon that the Products at issue infringe the ‘174 patent are baseless and make this an exceptional case.

41. Plaintiff is entitled to permanent injunctive relief at least to preclude Defendant from asserting to any other party that any of the Products at issue infringe the ‘174 patent, or from otherwise utilizing the ‘174 patent to induce any party to alter its business relationship with any Plaintiff, including but not limited to refusing to purchase, sell, advertise, import, or offer to sell any of the Products at issue.

42. Plaintiff is entitled to attorneys' fees and costs incurred as a result of at least the conduct of Defendant set forth herein.

43. Plaintiff is entitled to a declaration that none of the products at issue infringe any claim of the '174 patent.

44. Plaintiff is entitled to an award of all other monetary and equitable relief that is within this Court's power to award.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY**
**U.S. Patent No. 12,420,174**

45. Plaintiff incorporates all of the foregoing paragraphs herein.

46. On information and belief, the subject matter of each claim of the '174 patent was disclosed in the prior art prior to the earliest effective filing date of the '174 patent and each claim is therefore invalid.

47. Each claim is invalid under 35 U.S.C. 102 et seq.

**COUNT III**
**TORTIOUS INTERFERENCE (ILLINOIS COMMON LAW)**

48. Plaintiff incorporates all of the foregoing paragraphs herein.

49. On information and belief, Defendant was aware that Plaintiff's puzzle board did not meet all of the limitations of any claim of the '174 patent, but intentionally filed complaints with Amazon to interfere with Plaintiff's sale of the products.

50. Defendant's actions were unjustified and interfere with Plaintiff's ability to sell and offer to sell its products to individuals in Illinois.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 12,420,174 is not infringed by any of the products sold under ASIN B0GRHYMW19, B0H3KV23GZ, and B0H3KP7K3H.

2) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 12,420,174 is invalid.

3) That Judgment be entered against Defendant finding that Defendant tortiously interfered with Plaintiff.

4) A finding that this case is exceptional under 35 U.S.C. § 285.

5) Awarding Plaintiff its costs and reasonable attorneys' fees.

6) Awarding Plaintiff all applicable damages for Defendant's tortious interference.

7) Awarding Plaintiff pre and post judgment interest on all monetary awards.

8) Entering an order enjoining Defendant or any other party working in conjunction with Defendant or that has knowledge of the injunction from asserting infringement of U.S. Patent No. 12,420,174 or otherwise using U.S. Patent No. 12,420,174 to interfere with Plaintiff's commercial activities relating to the products sold under ASIN B0GRHYMW19, B0H3KV23GZ,and B0H3KP7K3H.

9) Awarding Plaintiff any and all other relief that this Court deems just and proper.

Plaintiff Demands a Jury trial on all issues so triable.

Dated: November 5, 2026

By: */s/ Matthew De Preter*

Matthew De Preter
ARONBERG GOLDGEHN
225 West Washington, Suite 2800
Chicago, Illinois 60606
312.828.9600
cdepreter@agdglaw.com

*Attorneys for Plaintiff*